UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CESAR POZOS VAZQUEZ (A No. 226-003-847),<br><br>           Petitioner,<br><br>    v.<br><br>LYONS, et al.,<br><br>           Respondents. | Case No. 1:26-cv-02430-JLT-FJS<br><br>ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; DENYING PETITION FOR WRIT OF HABEAS CORPUS; RESCINDING NO-TRANSFER ORDER, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Doc. 1, 5) |

Julio Cesar Pozos Vazquez is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (*See* Doc. 5.) In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **DENIES** the habeas petition.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of Mexico who entered the United States on or around May 2024. (Doc. 3 at 3.) There is no indication in the record that Petitioner was encountered or processed by federal immigration officials at that time. (*See* Docs. 1, 3, 7.) There is also no indication the record that Petitioner has any pending applications for relief with the immigration court. (*Id*.) On January 22, 2026,

1

Petitioner was stopped by local police while he was delivering packages for work. (Doc. 1 at 2.) Police arrested the Petitioner when he was unable to provide a driver's license and turned him over to Immigration and Customs Enforcement.  (*Id*.; Doc. 3 at 4.) It appears that Petitioner was placed in removal proceedings.[1] Petitioner claims to have "no criminal record of any kind" and the government "does not dispute" this. (Doc. 7 at 1.) There is also no indication in the record that Petitioner poses a flight risk or danger to the community. (*See* Docs. 1, 3, 7.) Petitioner has now been detained for approximately four months at California City Detention Facility, where he remains. (*See* Doc. 1 at 1–2.)

On March 30, 2026, Petitioner filed a petition for writ of habeas corpus, (Doc. 1), and a motion for temporary restraining order. (Doc. 3.) This Court denied the motion for temporary restraining order as untimely and temporarily placed a no transfer order pending a determination on the merits of the habeas petition. (Doc. 5.) On April 21, 2026, Respondents filed an opposition to the habeas petition, (Doc. 7), and on April 27, 2026, Petitioner filed a reply. (Doc. 10.) In their briefing, neither party mentioned the existence of voluntary departure. (*See* Docs. 1, 7, 10.) Subsequently this Court discovered that Petitioner was granted voluntary departure on April 2, 2026, and issued a minute order asking Petitioner if he wished to proceed with voluntary departure.[2] (Doc. 9.)

Petitioner filed a response indicating that he did not wish to proceed with voluntary departure and contending that any such acceptance was uninformed and involuntary. (Doc. 12 at 1–2.) Specifically, Petitioner argues that the circumstances of his confinement—namely, his lack of access to counsel, his transfer 2,000 miles away from his family and residence, the series of transfers across three states, and his conditions of confinement—render his acceptance of voluntary departure involuntary. (*Id*. at 2.)

Respondents filed a supplemental declaration, (Doc. 11), and attached exhibits indicating that on

---

[1]  Upon entering Petitioner's A-Number into EOIR's website, the automated case information indicates that Petitioner's immigration proceedings began on or around January 30, 2026, which was soon after his arrest on January 22, 2026. (*See* Doc. 1 at 2); EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited May 18, 2026). This suggests that Petitioner was only recently placed in removal proceedings and was unencountered until his recent arrest.

[2]  The minute order stated in relevant part: "The Court stands ready to lift its no transfer/removal order should Petitioner wish to withdraw his habeas petition. Thus, if Petitioner wishes to proceed with voluntary departure, he shall respond to this order immediately indicating as much, and the Court will thereafter lift the no transfer/ removal order. Otherwise, the Court will proceed to rule on the merits of Petitioner's habeas petition." (Doc. 9.)

2

March 18, 2026, the parties executed a joint motion for voluntary departure. (*See* Doc. 11-2 at 1–4.) On April 2, 2026, the Immigration Judge granted pre-conclusion voluntary departure and gave Petitioner until April 9, 2026 to depart voluntarily. (Doc. 11-1 at 3.) The IJ's order further indicates that "if any of the above-ordered conditions are not met as required or if the Respondent fails to depart as required, the above grant of pre-conclusion voluntary departure shall be withdrawn without further notice or proceedings and the following order, entered pursuant to 8 C.F.R. § 1240.26(d), shall become immediately effective." (*Id*.) Respondents also filed a status report arguing that Petitioner's failure to depart by April 9, 2026, resulted in a final order of removal, rendering Petitioner subject to mandatory detention under 8 U.S.C. §1231(a)(2). (*See* Doc. 14 at 1.) Respondents further indicate that as of May 14, 2026, Petitioner has not filed a motion to reopen his immigration proceedings and has not appealed the grant of voluntary departure. (Doc. 14 at 1.)

## II.    DISCUSSION

Section 1226(a) applies "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Section 1231, on the other hand, applies once a noncitizen is "ordered removed." 8 U.S.C. § 1231(a). Section 1226 thus "governs the detention of aliens until § 1231's 'removal period' begins. [T]he removal period begins when an alien is 'ordered removed,' and the removal order becomes 'administratively final.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 533–34 (2021). Here, the IJ granted voluntary departure on April 2, 2026, and Petitioner had until April 9, 2026, to voluntarily depart. By virtue of the IJ's order and applicable regulation, Petitioner's failure to depart by April 9, 2026, resulted in an alternate order of removal as of April 10, 2026.[3] (*See* Doc. 11-1 at 3); 8 C.F.R. § 1240.26(d) ("Upon granting a request made for voluntary departure either prior to the completion of proceedings or at the conclusion of proceedings, the immigration judge shall also enter an alternate order of removal."). Based on the record before this Court, Petitioner's order of removal is now final. (*See* Docs. 11, 12, 14.) Petitioner did not file an appeal to the Board of Immigration Appeals, did not withdraw his voluntary departure, and did not file a motion to reopen or reconsider with the

---

[3] The IJ's order reads: "if the [Petitioner] fails to depart as required, the above grant of pre-conclusion voluntary departure shall be withdrawn without further notice or proceedings and the following order, entered pursuant to 8 C.F.R. § 1240.26(d), shall become immediately effective." (Doc. 11-1 at 3.)

immigration court.[4] (*See* Doc. 14 at 1–2; Doc. 14-2 at 1.)

In *Ortega*, the petitioner similarly filed a habeas petition to invalidate his voluntary departure paperwork based on duress and coercion. *Ortega v. Warden of Golden State Annex ICE Detention Facility*, No. 1:25-cv-01856-DAD-CSK, 2026 WL 836323, at *1 (E.D. Cal. Mar. 25, 2026). Although the petitioner there "withdrew his request for voluntary departure [] to reopen his immigration case," the Court still found he was subject to a final removal order and mandatory detention under 8 U.S.C. § 1231 under applicable regulations. *Id.*; *see also Parra v. Warden, California City Correctional Center*, No. 2:26-cv-00711-DC-CSK, 2026 WL 848088, at *1, 3 (E.D. Cal. Mar. 27, 2026) (finding that petitioner was subject to a final order of removal and mandatory detention under § 1231(a) because petitioner failed to withdraw his request for voluntary departure and failed to appeal the IJ's order); *Alvarado v. Warden of Golden State Annex*, No. 1:26-cv-00112-JLT-EPG, 2026 WL 1113791, at *3–4 (E.D. Cal. Apr. 24, 2026) (same).

Similarly, Petitioner is subject to a final order of removal under applicable regulations. *See* 8 C.F.R. § 1240.26(d). Petitioner's alternate order of removal took effect April 10, 2026, when Petitioner failed to voluntarily depart by April 9, 2026. (*See* Doc. 11-1 at 3.) The order became administratively final "[u]pon expiration of the time allotted for an appeal." *See* 8 C.F.R. § 1241.1(c). The deadline to file an appeal was on or around May 11, 2026, and the removal period began on that date. *See* 8 C.F.R. §1003.38(b); 8 U.S.C. § 1231(a)(1)(B)(i). Therefore, Petitioner is currently subject to mandatory detention during a ninety-day removal period, as set forth in 8 U.S.C. §§ 1231(a)(1)(A), (a)(2)(A). *See Gregorio v. Warden*, No. 2:26-cv-00657-JLT-SKO, 2026 WL 810004, at *1–2 (E.D. Cal. Mar. 24, 2026) (finding that petitioner, who failed to appeal the IJ's grant of voluntary departure, was subject to mandatory detention and a final order of removal, thereby denying habeas relief). Since such ninety-day

---

[4] Upon entering Petitioner's A-Number into EOIR's website, the automated case information indicates that no appeal to the BIA was received for this case. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited May 18, 2026). The deadline to file any such appeal has now passed. *See* 8 C.F.R. § 1003.38(b). The IJ granted voluntary departure on April 2, 2026, and the alternate order of removal became effective on April 10, 2026. (*See* Doc. 14-1 at 3.) Because more than 30 days have passed since either the entry of the IJ's voluntary departure order, or the day the alternate order of removal went into effect, that order is final. *See* 8 C.F.R. § 1241.1(c) (an order of removal becomes final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time").

period has not yet passed, the Court **DENIES** habeas relief.[5]

Further, to the extent Petitioner challenges his acceptance of voluntary departure as involuntary and uninformed, Petitioner fails to establish how this Court has jurisdiction to review such a claim. (*See* Doc. 12 at 2); *Ortega*, 2026 WL 836323 at *2 (refusing to address petitioner's argument that his voluntary removal agreement was made under duress because doing so would "involve [] vacating [] an immigration judge's removal order," which the court lacks jurisdiction to do); *Alvarado*, 2026 WL 1113791, at *4 (rejecting a claim regarding involuntary acceptance of voluntary departure for lack of jurisdiction because it would require the court to invalidate the order of removal). The Immigration Nationality Act limits judicial review in matters which involve the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g) (emphasis added). It is unclear how this Court has jurisdiction to adjudicate the involuntary acceptance issue as it would, in essence, require the Court to invalidate the removal order. Seeing as Petitioner's habeas claim here is an indirect challenge to a removal order, the Court **DENIES** habeas relief on this ground as well. *Alvarado*, 2026 WL 1113791, at *4–5; *Martinez v. Napolitano*, 704 F.3d 620, 622–23 (9th Cir. 2012) (holding that under 8 U.S.C. § 1252, the district court lacks jurisdiction to hear indirect challenges to a removal order).

Accordingly, the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2. The Court's order prohibiting Petitioner's transfer out of this District and preventing Petitioner's removal from the United States (Doc. 5) is **WITHDRAWN**.

///

///

///

---

[5] "A petition challenging detention under section 1226 is rendered moot when detention authority shifts to section 1231." *Baires v. Lynch*, No. C 15-03635 RS, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016). Because this Court determines that Petitioner is now subject to 8 U.S.C. § 1231(a)(2), the Court does not consider whether petitioner's initial detention was governed by 8 U.S.C. § 1226(a) or whether that detention violated due process. *See Ortega*, 2026 WL 836323, at *2 n.2; *Aguilar Garcia v. Kaiser*, No. 3:25-cv-05070-JSC, 2025 WL 2998169, at *2 (N.D. Cal. Oct. 24, 2025) (finding that the detention authority applicable to the petitioner had changed to § 1231 when his removal order became final).

3. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:  **May 19, 2026**

UNITED STATES DISTRICT JUDGE